UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID R. FROHWERK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:09-CV-161 RM |
| ) | |
| DIANA M. BRINKLEY, ) | |
| ) | |
| Defendant ) | |

## OPINION and ORDER

David Frohwerk has filed a *pro se* complaint against Diana Brinkley for claims he says arise under the Social Security Act, specifically 42 U.S.C. §§ 401, 402, 405(j)(1), and 1383(a)(2)(A)(ii). Mr. Frohwerk alleges that Ms. Brinkley, his "representative payee" under the Act, has misused the Social Security benefit payments she receives on his behalf and hasn't made those funds available to him for his use and benefit. According to Mr. Frohwerk, Ms. Brinkley "owes him and/or the Social Security Administration an as yet undetermined amount of money as accumulated or otherwise received by her during the following periods from the Social Security Administration as benefits for the plaintiff: between approximately late 2003 early 2004 and March 3rd, 2009." Compl., at 1.

As the party seeking to invoke the jurisdiction of this court, Mr. Frohwerk has the burden of demonstrating that federal jurisdiction exists, Hart v. FedEx Ground Package Sys., 457 F.3d 675, 679 (7th Cir. 2006), and properly alleging facts "sufficient to bring a claim within a legally recognized cause of action."

Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006). Federal subject matter jurisdiction is so essential to the court's ability to proceed any further with a case, the existence of subject matter jurisdiction "may be inquired into at any time, with or without a motion, by any party or by the court itself." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008); *see also* Storm v. Storm, 328 F.3d 941, 943 n.1 (7th Cir. 2003) ("the existence of subject matter jurisdiction goes to the ultimate question of whether the federal courts have the power to entertain and decide a case"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Mr. Frohwerk's claim for misuse of benefits is defined in 42 U.S.C. § 405(j)(9)[1], but before a court can consider a claim for misuse of benefits, that claim must first be pursued through the administrative remedies set forth in the Social Security Act.[2] Mr. Frohwerk hasn't alleged that he presented his claim of

---

[1] "[M]isuse of benefits by a representative payee occurs in any case in which the representative payee receives payment [of SSA benefits] for the use and benefit of another person and converts such payment, or any part thereof, to a use other than for the use and benefit of such other person." 42 U.S.C. § 405(j)(9).

[2] A claimant like Mr. Frohwerk must first present his claim to the Commissioner of Social Security, after which the Commissioner

> makes its initial determination as to a claimant's entitlement to benefits, continuation of benefits, or any other matter, and so notifies the claimant in writing. An initial determination is binding unless the claimant timely requests reconsideration . . . . Initial determinations include those regarding . . . selection of a representative payee, payment of benefits to a representative payee, and SSA's negligence with regard to . . . monitoring a representative payee resulting in the misuse of benefits by that representative payee.
>
> If a claimant is dissatisfied with the SSA's initial determination, [he] may request reconsideration [and] a hearing before an administrative law judge. The administrative law judge makes his decision based on the record before him, setting forth his findings of fact and reasons for the decision. A dissatisfied claimant may request review of an administrative law judge's hearing decision by the Appeals Council, [and] the Appeals Council's decision, or the decision of the administrative

misuse of benefits to the Social Security Administration, that he received an initial or final agency determination that could be presented for judicial review under 28 U.S.C. § 405(g), or that circumstances excusing his exhaustion of remedies exist. *See* Andre v. Chater, 910 F. Supp. 1352, 1357-1358 (S.D. Ind. 1995) ("Presentment, which is jurisdictional and nonwaivable, means that the claimant has presented a claim for benefits to the [Social Security] Administration. Exhaustion of remedies is not jurisdictional and is waivable under certain circumstances."); Feiner v. Astrue, No. 06-C-0671-C, 2007 WL 5515399, at *3 (W.D. Wis. 2007) ("In certain cases where a Social Security claimant raises a constitutional question, judicial review may be available despite the claimant's failure to exhaust administrative remedies. The commissioner may waive the exhaustion requirement himself when he deems further exhaustion futile. Additionally, the court may waive the exhaustion requirement where the claimant raises a claim that is wholly collateral to his claim for benefits under the Social Security Act and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." (internal citations and quotations omitted)). Too, Mr. Frohwerk has improperly named Diana Brickley, the person he says is his representative payee under the Act, as the defendant in this action. "The only proper defendant in an

---

law judge if the request for review is denied, is binding unless the claimant files an action in Federal district court.
Monet v. Mathews, 535 F. Supp. 2d 132, 134 (D.D.C. 2008) (citations omitted).

action under section 405(g) is the Commissioner of Social Security." Keesing v. Apfel, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000).

Mr. Frohwerk can't pursue his claims under the Social Security Act against Ms. Brickley, and while Mr. Frohwerk's claim for misuse of benefits arise under the Social Security Act, he has alleged no facts that would permit a finding or inference that he meets the jurisdictional requirements of 42 U.S.C. § 405(g), *i.e.*, that he has pursued his administrative remedies to exhaustion, the Social Security Administration has waived the exhaustion requirement, or that his claim qualifies for judicial waiver of exhaustion. Because the allegations of his complaint are insufficient to establish subject matter jurisdiction, his complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

ENTERED:   July 14, 2009

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: D. Frohwerk